KNIESS and wife, Respondents, vs. JEFFERSON CONSTRUCTION COMPANY, Appellant.

*January 6—February 4, 1941.*

For the appellant there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondents there was a brief by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* and *James A. Fitzpatrick* of counsel, all of Wausau, and oral argument by *Mr. Terwilliger* and *Mr. Fred W. Genrich*.

FRITZ, J.  On this appeal the appellant, Jefferson Construction Company, contends that the court erred in refusing to sustain its objection to a statement by the respondents' counsel in his argument to the jury; in ruling that there was

sufficient evidence to support the jury's finding that respondents' property was damaged by appellant's negligence in using excessive charges of dynamite in blasting operations, and that certain witnesses called by respondents were qualified to testify as experts; in refusing to rule that the damages awarded by the jury were excessive; and in making remarks prejudicial to appellant during the course of the trial. Upon a review of the record and due consideration of appellant's contentions, we find no error in any of the respects assigned by appellant; that the verdict and judgment entered thereon were warranted by the evidence; and that the judgment must therefor be affirmed. As no questions are involved which are of such importance or difficulty as to demand treatment in an opinion, the case would be affirmed without any opinion under Rule 64 (sec. 251.64, Stats.) but for the following matters.

Respondents contend that because appellant failed to serve its printed case and brief within the time allowed by Rules 16 and 18 (secs. 251.272 and 251.274, Stats.) they are entitled to double costs under Rule 46; and also to damages in the amount of ten per cent of the judgment under sec. 251.23 (3), Stats. As appellant was clearly in default in both respects, without any apparent excuse, the respondents are entitled to an award, under sec. 251.23 (3), of double costs to be paid by appellant. On the other hand, notwithstanding appellant's inexcusable delays, and the resulting disadvantage to respondents' counsel in preparing their brief, they succeeded, by the exercise of extraordinary diligence, in having their brief printed in time for use when the case was reached in due course for oral argument. As it does not appear that respondents sustained any damage as the result of the delay in question, there is no basis for an assessment thereof under sec. 251.23 (3).

*By the Court.*—Judgment affirmed, with double costs to respondents.